UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | SACV 24-01443-FWS (DFMx) | Date | January 3, 2025 |
|---|---|---|---|
| Title | Masoumeh Sadeghi Mahonak et al v. Antony J. Blinken et al | | |

PRESENT: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

Melissa H. Kunig
Deputy Clerk

Not Reported
Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:

None Present

ATTORNEYS PRESENT FOR DEFENDANT:

None Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION

"[I]t is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). That includes ensuring that the parties comply with Federal Rule of Civil Procedure 26(f).

Here, the court issued the Order Setting Rule 26(f) Scheduling Conference, which stated that "[t]he Joint Rule 26(f) Report must be filed no later than seven (7) days after the parties meet and confer and fourteen (14) days before the Scheduling Conference." However, it is now fewer than 14 days before the Scheduling Conference and no Joint 26(f) Report has been filed. Accordingly, the court, on its own motion, hereby **ORDERS** Plaintiff to show cause in writing no later than **January 17, 2025**, why this action should not be dismissed for lack of prosecution for failure to file a joint report under Rule 26(f). As an alternative to a written response by Plaintiff, the Court will consider an appropriate response to this OSC the filing of the parties' joint report under Rule 26(f) on or before the above date.

The court **CONTINUES** the Scheduling Conference to **February 6, 2025, at 9:00 a.m.**

No oral argument of this matter will be heard unless ordered by the court. The Order will stand submitted upon the filing of a timely and appropriate response. Failure to file a timely and appropriate response to this Order may result in dismissal without further notice or order from the court. *See* Fed. R. Civ. P. 41(b); L. R. 41-6; *Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."). "Indeed, courts regularly dismiss cases for failure to timely file

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | SACV 24-01443-FWS (DFMx) | Date | January 3, 2025 |
|---|---|---|---|
| Title | Masoumeh Sadeghi Mahonak et al v. Antony J. Blinken et al | | |

a Rule 26(f) report after a plaintiff fails to respond to an order to show cause regarding dismissal for lack of prosecution." *Hoffman*, 2023 WL 4533916, at *2 (collecting cases).

\_\_\_\_\_ : \_\_\_\_\_

Initials of Deputy Clerk   mku
